UNITED STATES of America, upon the relation and for the use of the Tennessee Valley Authority, Plaintiff,

v.

AN EASEMENT AND RIGHT OF WAY OVER 3.5 ACRES OF LAND, MARSHALL COUNTY, MISSISSIPPI, and Turner A. Wingo, Defendant.

UNITED STATES of America, upon the relation and for the use of the Tennessee Valley Authority, Plaintiff,

v.

AN EASEMENT AND RIGHT OF WAY OVER 1.6 ACRES OF LAND, MORE OR LESS, IN MARSHALL COUNTY, MISSISSIPPI, Joel H. Porter, et al., Defendants.

UNITED STATES of America, upon the relation and for the use of the Tennessee Valley Authority, Plaintiff,

v.

AN EASEMENT AND RIGHT OF WAY OVER 6.0 ACRES, MORE OR LESS, MARSHALL COUNTY, MISSISSIPPI, and M. A. Wingo, et al., Defendants.

No. WC 76–69–S, WC 76–72–S, WC 76–77–S.

United States District Court, N. D. Mississippi.

May 18, 1978.

Herbert S. Sanger, Jr., Gen. Counsel, Charles W. Van Beke, Asst. Gen. Counsel, Beverly S. Burbage, Chief Condemnation Atty., Michael L. Farley, Wm. A. Clarke, III, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff.

Joel H. Porter, Burch, Porter & Johnson, Memphis, Tenn., John H. Morrow *, Birmingham, Ala., for defendants.

* In WC 76–72–S only.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The actions sub judice involve proceedings through which the United States of America (hereafter the "government") seeks to acquire for the use of the Tennessee Valley Authority an easement and right-of-way for electric power lines across the land of the named defendants (hereafter "landowners"). The extent, scope and nature of the easement and right-of-way are described in the exhibits attached to and made a part of the notices served upon the landowners in the actions.

Upon the filing of the complaints, the court entered an order in each action appointing three commissioners to determine the issue of just compensation for the taking of the easement and right-of-way.

The reports of the commissioners have been made and the landowners have presented timely objections thereto. The plaintiff has moved in each case for the adoption of the commissioners' report. The court conducted a hearing on October 10, 1977, to determine the issues raised by the motion and objections. At the hearing, the court considered the reports filed by the commissioners, the landowners objections, the motions of the government for the adoption of the reports, memoranda of the parties and received oral arguments.

At the conclusion of the hearing, and on October 20, 1977, the court entered an order remanding each action to the commissioners for supplemental findings on the issue of just compensation to be awarded the landowners for the taking of the easement within the easement area and the incidental damages, if any, imposed by the taking upon the land outside the easement area.

Supplemental reports have now been filed and the landowners have renewed their objections. The actions are now before the court for such disposition as the court may find appropriate.

The court has reviewed the transcript of the proceedings before the commissioners, the original and supplemental reports, the landowners objections and the memoranda of the parties. These actions are now ready for final disposition.

■ The reports of the commissioners have the effect and are to be dealt with by the court in accordance with the procedure prescribed in paragraph (2) of subdivision (e) of Rule 53, Fed.R.Civ.P. which provides:

*In Non-Jury Actions.* In an action to be tried without a jury the court shall accept the [commissioners'] findings of fact *unless clearly erroneous.* Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6(d). The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions. (Emphasis supplied.)

In WC 76–69–S (landowner Turner A. Wingo), the easement on the subject 120 acre tract consists of 3.5 acres within the easement area. Two witnesses appeared before the commissioners on behalf of the landowner, and four on behalf of the government. The land value per acre of land within the easement area was not in serious dispute. One of the landowner's witnesses valued the land at $1500 per acre, the other at $1750 per acre. The per acre value of the land in the easement area was shown by government witnesses to run from $1200 per acre to $1600. The real difference between the witnesses is evidenced by their estimates of damage to land outside the easement area. The government witnesses did not view the taking as resulting in any damage to this land. The witnesses for the landowner estimated substantial damages. One witness placed the damage at $15,000, the other at $28,000.

The commissioners awarded damages *in solido* of $4,600. In the original report,

however, the commissioners found that "the erection of a wood pole electric transmission line does in fact inflict incidental damages to the remaining portion of the [landowner's] tract." The commissioners also found that "while it cannot be said that residential development of the [landowner's] land is eminent, the highest and best use of the land taken for the transmission line easement is high potential residential development property, presently used for agricultural purposes".

Because the award was *in solido* and did not separately fix the damage, if any, to land outside the easement area, the action was remanded to the commissioners for supplemental findings.

On remand, the commissioners, after reviewing their original findings concerning just compensation and the evidence offered at the hearing before them affirmed their original report and filed supplemental findings.

The commissioners' supplemental report states that the original award of $4,600 was intended to cover just compensation for the taking of the land within the easement area and the incidental damages inflicted on the land outside the easement area. The commissioners found that the opinions held by the witnesses for the landowners on the issue of damages to the land outside the easement area, were not supported by facts sufficient to justify the opinions. On the other hand, the commissioners concluded that the testimony of the government witnesses that there were no incidental damages was supported by facts which the commissioners found convincing.

The commissioners concluded that by giving the landowner the benefit of any possible doubt there were minimal damages to the land outside the easement area. The commissioners divided the award into two parts, one, the sum of $4,200 as just compensation for the taking of the land within the easement area; the other, $400 for incidental damages inflicted upon the land outside the easement area.

The commissioners, as the triers of the facts, must determine the weight to be given to the testimony of an expert witness. Such testimony is only advisory, and may be accepted or rejected, in whole or in part. Here, the commissioners rejected that portion of the testimony of the landowner's expert witnesses as to incidental damages. They determined that such testimony did not have a sufficient factual basis and the reasons therefor were not convincing. The court finds that the commissioners were justified in this determination. Relying upon their view of the premises and the testimony of the witnesses for the government, the commissioners found that while the erection of the wood pole electric transmission line inflicted incidental damages to the remaining portion of the tract, the damages were minimal and insubstantial. Such findings are supported by the record and are not clearly erroneous.

The landowners in the companion actions, WC 76–72–S (Joel H. Porter, et al., landowners); and WC 76–77–S (M. A. Wingo, et al., landowners) raise similar issues to those raised by the landowner in WC 76–69–S.

The court has concluded that the findings of fact and awards of the commissioners in WC 76–72–S (Joel H. Porter, et al., landowners) and WC 76–77–S (M. A. Wingo, et al., landowners) are not clearly erroneous. On the other hand, the court finds that they are supported by substantial evidence and should be accepted and approved by the court.

Counsel for the government is directed to prepare and submit to the court for entry an appropriate final judgment in each of the actions aforesaid.